MR. JUSTICE SHEEHY,
specially concurring:
The law in Montana is indeed confusing with respect to the duty of railroads and motorists at railroad grade crossings. Because this case is being returned for retrial, by way of suggestion only, I would submit the following instructions for consideration by the parties and the court. The instructions assume the same record as we now have before us and might not otherwise be applicable; moreover, I offer no guaranty that on a subsequent review my fellow justices would agree. The citations, of course, would not be a part of the instructions when submitted to the jury:
1. The statutory duty of the railroad in this case was to sound its whistle and ring its bell at a point between 80 rods (1,320 feet) and 50 rods (825 feet) from the crossing. It has this duty regardless of whether any person or vehicle is on or approaching the crossing and regardless of the dangerous condition, if any, at the crossing. If you find from a preponderance of the evidence that the railroad did not perform this duty, such failure would be negligence as a matter of law. Section 69-14-562(7), MCA.
2. Implicit in the statutory requirement that the railroad sound its whistle and ring a bell upon approaching a crossing is that such whistle or bell be audibly effective, that is, that one or the other could reasonably be heard by persons on or approaching the crossing on foot or in vehicles. If you find from a preponderance of the evidence that neither the whistle nor the bell were sounded as required by law, or that neither the whistle nor the bell could be heard at the crossing if sounded from a point between 1,320 to 825 feet in advance of the crossing, then again the railroad would be negligent as a matter of law. Section 69-14-562(7), MCA.
*309 3. The only statutory requirement as to lights on a railroad locomotive is that it must be equipped with a headlight of at least 1,500 candlepower measured without a reflector. If the evidence shows this, or if there is no dispute about it, then this statutory requirement is fulfilled. Section 69-14-236(l)(a), MCA.
4. There is no statutory duty imposed on a railroad to provide oscillating headlights on its locomotives, running lights on the sides of its locomotives, electric warning signals or automatic gates on crossings, flagmen, or other safety means or devices, unless ordered by a public authority authorized by law to do so. In this case there is no evidence of any such order by a public authority. Further there is no statutory limit on the speeds of trains passing through a city or town unless a public authority enpowered to do so ordered a speed limit on such trains. None appears here.
5. A breach of a duty imposed by statute or ordinance is called negligence per se, that is, the breach is negligence as a matter of law. A person or corporation can be found negligent however, even if its conduct does not offend a specific statute or ordinance, when the conduct involved does not meet the standard of “ordinary care.” Jarvella v. Northern Pacific Ry. Co. (1935), 101 Mont. 102, 53 P.2d 446.
6. Every person or corporation is responsible for injury to the person or property of another caused by want of ordinary care or skill. Negligence means such want of ordinary care or skill. Such want of ordinary care or skill exists when there is a failure to do that which a reasonable and prudent person would ordinarily have done under the circumstances, or doing that which such person under the existing circumstances would not have done. Section 27-1-701, MCA.
7. Applying the standard of ordinary care to the duty of the railroad in this case therefore, the mere fact that no statute or ordinance exists, or that no order by an authorized person or body has been made requiring certain headlights, warning lights, gates, flagmen, or other safety means or devices at the crossing, will not relieve the railroad from its duty of providing such, at railroad *310 crossings sufficiently dangerous to require them, if reasonable and prudent persons in the exercise of ordinary care would have provided them under the same circumstances. Jarvella v. Northern Pac. Ry. Co., supra.
8. Likewise, if under the same standard of ordinary care, reasonable and prudent persons would have slowed or reduced the speed of the train under the circumstances here, failure to do so would constitute negligence, although no ordinance or statute existed requiring such slowing or reduction of speed.
9. If you find from a preponderance of the evidence that the railroad did not exercise reasonable care under the circumstances, such failure to exercise reasonable care should be considered as negligence.
10. The railroad and its employees are not relieved of their duty to exercise ordinary care because the permission of public officers or other bodies might have been required for the railroad to perform such duty, or that governmental agencies might have a part in funding additional safety devices on highway-railroad crossings. You should consider only in this connection whether the railroad had sufficient notice in advance of this accident of a dangerous condition at the crossing that, in the exercise of ordinary care, it should have moved to reduce or eliminate the dangerous condition.
11. In considering what is the standard of ordinary care to define the duty of the railroad in this case, you may consider the evidence of the Manual for Uniform Traffic Control Devices (MUTCD) drawn up by the State Highway Department, or manuals of operation drawn up and used by the railroad itself. Whether the railroad conformed to such requirements is relevant and should be considered, but these are not necessarily controlling on the question of whether the railroad and its employees exercised ordinary care, for that question in this case must be determined by you on the basis of such ordinary care as would have been used by reasonable and prudent persons under the circumstances existing here.
*311 12. The driver of an automobile has a duty under Montana law to stop his vehicle at a place between 50 to 15 feet from the nearest rail of the railroad crossing and not to proceed until he can do so safely, but his duty to stop exists only if (1) a train is within 1,500 feet of the crossing, and emitting an audible signal from such distance, and the train because of its speed and nearness is an immediate hazard; or (2) if the train is plainly visible and in hazardous proximity to the crossing. The driver is also statutorily required to drive his automobile at an appropriate reduced speed as he approaches and drives across such crossing. Again, a breach of either of such statutory duties by the driver would be negligence as a matter of law. Sections 61-8-303(5), and 61-8-347, MCA.
13. Apart from such statutory duties, the driver of a motor vehicle can be found negligent if he fails to exercise ordinary care to avoid injury to himself. The term “ordinary care” has the same definition for the driver as for the railroad.
14. The driver of a motor vehicle is required to keep a lookout, not only straight ahead, but laterally ahead, he is presumed to see that which he could have seen in the exercise of ordinary care.
15. A railroad crossing is itself a warning of danger to the driver of a vehicle approaching or passing over the crossing. The train, if it is visible in the exercise of ordinary care or if its approach can be detected in the exercise of ordinary care by such driver, is also a warning of danger.
16. In ordinary circumstances, the train has a right of way over its track when a motor vehicle approaches or crosses the railroad crossing which the train is approaching or passing over. If you find that the railroad was not negligent in the operation of its train, it has a right to rely on its right of way. The railroad may not rely solely on its right of way, however, if the train is being operated in violation of statutory duties or in want of ordinary care, and such violation or want of ordinary care is a proximate cause of the collision. Flynn v. Helena Cab and Bus Co. (1933), 94 Mont. 204, 21 P.2d 1105.
*312 17. Both the railroad and the driver have a right to assume that the other party is exercising reasonable care and obeying the law as each approaches and passes over the crossing, but one is entitled to rely on that asumption only if that one is himself or itself exercising ordinary care. Neither party has a duty to anticipate negligence on the part of the other. Tucker v. Lombardo (1956), 47 Cal.2d 457, 303 P.2d 1041, 1047-1048.